

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00520-CV

**In the Interest of N.R.T., C.C.T., A.T.**, Children

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-16-59
Honorable Selina Nava Mireles, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                    Patricia O. Alvarez, Justice
                    Irene Rios, Justice

Delivered and Filed: January 2, 2019

AFFIRMED

Appellant Mother appeals the trial court's order terminating her parental rights to her daughters, Cara and Alice.[1]  Mother challenges the sufficiency of the evidence supporting the trial court's finding that termination was in the children's best interest as well as the sufficiency of the evidence supporting the statutory predicate grounds for termination.  We affirm the trial court's order.

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and the children by aliases.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).  We refer to N.R.T. as "Nathan," C.C.T. as "Cara," and A.T. as "Alice."  At the time of the original petition, Nathan was seventeen years' old.  Nathan turned eighteen before the trial and was no longer a subject of the suit.  A fourth child, who was over the age of eighteen at the time of the original petition and also not a subject of the suit, is referred to as "Matthew."

**BACKGROUND**

On March 14, 2016, the Texas Department of Family and Protective Services ("Department") filed a petition to terminate parental rights. In the supporting affidavit, Department caseworker Celia Banda states the Department received a referral on March 8, 2016, alleging neglectful supervision against Mother. According to the affidavit, Nathan, Cara, and Alice informed Banda they witnessed "significant domestic violence." Nathan and Cara also told Banda that they witnessed their parents using marijuana, and Cara reported finding cut straws with powder residue in her parents' laundry. Banda further asserted in the affidavit that Mother evicted the children and Father from their home and put the children's clothing in the front yard.

The Department developed a service plan for Mother, which became the trial court's order on May 13, 2016. The service plan required that Mother successfully complete parenting, anger management, and Turning Points[2] classes; undergo psychological evaluation and substance abuse assessment and follow through with the resulting recommendations, including substance abuse counseling; submit to random drug testing; participate in individual counseling; take part in parent-child visitation; establish a stable, safe, and drug-free home; and refrain from criminal activity.

The trial court held a bench trial, and on July 6, 2018, signed an order which awarded Father possessory conservatorship of Cara and Alice and terminated Mother's parental rights to both children. This appeal followed.

**ANALYSIS**

Mother contends the evidence is legally and factually insufficient to support the trial court's finding of statutory grounds for termination of her parental rights pursuant to Texas Family Code sections 161.001(b)(1)(D), (E), and (O). Mother additionally contends the evidence is legally and

---

[2] During her testimony, caseworker Barbara Bernal explained that Turning Points facilitates domestic violence classes.

factually insufficient to support the trial court's finding that termination of her parental rights is in the best interest of the children.

## Standard of Review

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the children. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found evidence of three predicate grounds to terminate Mother's parental rights.[3] The trial court also found termination of Mother's parental rights was in the best interest of the children.

When reviewing the sufficiency of the evidence, we apply the well-established standards of review for both legal and factual sufficiency. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

## Statutory Grounds for Termination

"Only one predicate finding under Section 161.001[(b)](1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re K.W.*, 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011, no pet.) (citing *In re A.V.*, 113 S.W.3d at 362). "If multiple predicate grounds are found by the trial court, we will affirm based on any one ground because only one is necessary for termination of parental rights." *In re K.W.*,

---

[3] The trial court found evidence Mother "knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children[;] … engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children,[;] … [and] failed to comply with the provisions of a court order …[.]" *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O).

335 S.W.3d at 769 (quoting *In re D.S.*, 333 S.W.3d 379, 388 (Tex. App.—Amarillo 2011, no pet.)).

In her brief, Mother challenges only the sufficiency of the evidence relating to the trial court's findings with respect to subsections 161.001(b)(1)(D) and (E). Mother does not challenge the trial court's finding with respect to subsection 161.001(b)(1)(O). Because this ground can support the order of termination, it is unnecessary for us to review the legal and factual sufficiency arguments as to the other grounds. *Id*. at 769–70; *In re D.P.R.V.*, No. 04–09–00644–CV, 2010 WL 2102989, at *1 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op.) (citing *In re A.V.*, 113 S.W.3d at 362); *In re D.S.*, 333 S.W.3d at 388–89 (appellate court bound by unchallenged findings supporting termination).

Accordingly, we overrule Mother's complaints regarding the sufficiency of the evidence to support the trial court's findings of statutory grounds for termination of her parental rights.

### Best Interests

In determining whether a child's parent is willing and able to provide the child with a safe environment, we consider the factors set forth in Family Code section 263.307(b). *See* TEX. FAM. CODE ANN. § 263.307(b). We also apply the non-exhaustive *Holley* factors to our analysis.[4] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Evidence that proves one or more statutory ground for termination may also constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(b)(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). "A best interest analysis may consider circumstantial

---

[4] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013).

evidence, subjective factors, and the totality of the evidence as well as the direct evidence." *See In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). "A trier of fact may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest." *Id.*

### DISCUSSION

Mother testified her household was normally peaceful and loving. Mother acknowledged her behavior was not always the best for her children, but she explained that when she used marijuana or fought with Father, it was outside the children's presence. The affidavit in support of removal, however, relates that Nathan and Cara told Banda that they saw Mother using marijuana and witnessed physical fights between Mother and Father.

Mother "possibly" recalled that she was arrested in February 2016 following a physical altercation with Father. However, Mother declared the incident occurred "in our private quarters" and stated "[i]f I'm at home I have the pleasure of doing whatever I want whenever I want." Mother admitted she slapped Matthew – an incident Matthew described as Mother punching him. Mother further admitted she bit Matthew and Nathan. Mother excused her behavior as having occurred while she was intoxicated. Mother explained she apologized to her children, but asserted she was defending herself.

Matthew characterized Mother as becoming frequently enraged and described an incident during which Mother became physically violent with Father. When Matthew intervened, Mother began throwing kitchen utensils, dishes, and knives. Matthew attempted to subdue Mother, and Mother bit him. Nathan then intervened, and Mother bit Nathan as well.

Bernal testified Mother was involved in domestic violence altercations for which the police were called in both November and December 2016. Mother also admitted she was arrested following a physical altercation with Father as recently as September 2017. Mother acknowledged

she grabbed and kicked Father's genitalia, scratched his neck, ripped his shirt, and slapped his face. At the time, Mother was already on probation for a previous domestic violence incident. *See In re A.M.*, 495 S.W.3d 573, 581 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (relying in part on "history of assaultive conduct between the mother and the father" in affirming best-interest finding).

Clinical dependency counselor Alissa Garcia testified the Department referred Mother for substance abuse counseling in March 2017. A. Garcia testified the last time she met with Mother was in November 2017. According to A. Garcia, Mother had not demonstrated a change in behavior. Counselor Lisa Garcia began individually counseling Mother in October 2017, in the areas of parenting and anger management. L. Garcia testified Mother stopped attending counseling sessions in December 2017 without providing a reason. L. Garcia also testified she recommended Mother complete a psychiatric assessment because Mother exhibited signs of paranoia and delusional thoughts. According to L. Garcia, Mother did not follow through on that recommendation. Bernal additionally testified Mother did not complete a substance-abuse treatment program as recommended. *In re E.C.R.*, 402 S.W.3d 239, 249 (Tex. 2013) (evidence that the appellant failed to comply with the court-ordered service plan supported the trial court's best-interest determination); *see also In re A.H.*, No. 04–15–00416–CV, 2015 WL 7565569, at *9 (Tex. App.—San Antonio Nov. 25, 2015, no pet.) (mem. op.) (holding failure to complete family service plan is indicative of failure to prioritize child).

Counselor Paula Mersing testified she began counseling Cara and Alice in March 2016. Mersing testified Cara and Alice expressed they love Mother. At the time of the trial, Cara was approximately a month from turning eighteen and close to graduating high school. Mersing testified Cara informed Mersing that she does not want to be returned to Mother's care. According to Mersing, Alice initially stated that she wanted to go home, but "[n]ow … if she doesn't go back

home, she's okay with it." *See In re I.A.M.*, No. 04-16-00095-CV, 2016 WL 4208126 at *9 (Tex. App.—San Antonio Aug. 10, 2016, no pet.) (mem. op.) (noting evidence that children expressed their wishes to remain in their current placement when affirming the trial court's best-interest finding).

Mother testified she lived in a trailer belonging to her mother and that she became employed during the pendency of the trial. Bernal, however, expressed concern regarding Mother's ability to provide a stable home, noting that Mother had lived in ten different places since the date of the original referral. *See In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009) (concluding short duration improvements do not necessarily negate long history of irresponsible choices); *In re J.R.W.*, 14-1200850-CV, 2013 WL 507325, at *9 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, pet. denied) (mem. op.) ("A parent who lacks stability, income, and a home is unable to provide for a child's emotional and physical needs.").

Having reviewed the record and considered all the evidence in the appropriate light for each standard of review, we conclude the trial court could have formed a firm belief or conviction that termination of Mother's parental rights was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re H.R.M.*, 209 S.W.3d at 108; *In re J.P.B.*, 180 S.W.3d at 573; *see also generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing an appellate court need not detail the evidence if affirming a termination judgment).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order terminating Mother's parental rights.

Irene Rios, Justice